UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS L.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:18-cv-00342-BAT

**ORDER AFFIRMING AND DISMISSING WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for disability benefits. He contends the Administrative Law Judge (ALJ) failed to properly evaluate medical opinion evidence, Plaintiff's allegations, and a lay witness statement, all of which impacted the ALJ's residual functional capacity assessment and finding that Plaintiff could perform other jobs at Step 5 of the sequential evaluation process. Plaintiff also contends that medical evidence submitted to the Appeals Council and admitted into the record (Tr. 14-25) further undermined the evidentiary basis of the ALJ's decision. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

On May 1, 2014, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning November 21, 2011. Tr. 81-89. The claim was denied initially on July 22, 2014 (Tr. 127-130), and on reconsideration on November 24, 2014. Tr. 134-

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

136. On December 30, 2014, Plaintiff requested a hearing and on February 11, 2016, Plaintiff appeared and after waiving his right to representation, testified at a hearing before ALJ Cheri Filion. Judge Filion took testimony from the claimant and medical expert Frank Barnes, M.D. Tr. 626-679. After the hearing, ALJ Filion ordered a consultative examination of Plaintiff. When the results of this examination were proffered to Plaintiff, he requested a supplemental hearing. Because Judge Filion retired from the Agency before a supplemental hearing could be scheduled, the case was reassigned to ALJ Stephanie Martz, who held the supplemental hearing on October 27, 2016. Michael W. Swanson, a vocational expert, also appeared at the hearing. Tr. 61-80.

Utilizing the five-step disability evaluation process,[1] the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since May 1, 2014, the application date (20 CFR 416.971 *et seq.*) (Ex. B6D, B5D) and at step two, that Plaintiff has the following severe impairments: obesity and degenerative disc disease of the lumbar and thoracic spine (20 CFR 416.920(c)). At step three, the ALJ found that these impairments do not meet or equal a Listing.[2] Tr. 680. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except as follows:

> [t]he claimant can lift up to 20 pounds occasionally and 10 pounds frequently. He can carry up to 20 pounds occasionally. Over an eight-hour day with regular breaks, he can sit three hours at a time for up to seven hours. He can stand 30 minutes at a time up to two hours and walk 30 minutes at a time up to two hours over an eight-hour day. He needs to use a cane for ambulation greater than 50 feet. The claimant can frequently reach (including overhead), and occasionally push/pull with his arms. He can occasionally operate a foot control with his right foot and frequently with his left foot. He can continually handle, finger, and feel. The claimant should never climb, balance, stoop, kneel, crouch, or crawl. The claimant can have occasional exposure to unprotected heights. He can have frequent exposure to moving mechanical parts. He can frequently operate a motor vehicle. The claimant can have continuous exposure to humidity, wetness, dusts, odors, pulmonary irritants, and extremes of temperature.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 2

Tr. 40-41. At step four, the ALJ found that Plaintiff has no past relevant work (20 CFR 416.965), but considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 416.969 and 416.969(a)), such as ticket seller, officer helper, and storage rental clerk. Tr. 44-45.

The Appeals Council denied Plaintiff's request for review of the ALJ decision on January 5, 2018 (Tr. 1-5), making the ALJ's decision the final decision.

## DISCUSSION

**A. The ALJ Did Not Err in Evaluating Medical Opinion Evidence**

Plaintiff contends the ALJ erred when she gave little weight to the opinions of his treating physicians, pain management specialists Adam Balkanay and Jennifer Lee and instead, gave significant weight to the opinions of two orthopedic specialists, Frank Barnes and Brian Snitily. Dr. Balkanay opined Plaintiff was severely limited and unable to meet the demands of sedentary work and Dr. Lee opined he would not succeed in immediately returning to fulltime work. Dr. Barnes and Dr. Snitily concluded Plaintiff could perform a reduced range of light level work. Plaintiff argues that because Drs. Balkany and Lee examined him on multiple occasions and reviewed imaging studies, they had the best clinical picture of his condition and functioning based on their unique perspective as treating sources throughout the relevant period.

Dr. Barnes, a medical expert and board certified orthopedic surgeon, testified at the February 2016 hearing. Tr. 469, 636-47. He concluded that Plaintiff would be limited to sedentary or light level work; could not stand more than a couple hours at a time; could lift/carry 20 pounds; could occasionally bend, stoop, kneel, crawl, use foot controls, and climb ladders or ramps; and could occasionally be exposed extreme cold, vibration, and hazardous machinery. Tr. 43, 638. Dr. Barnes did not find any evidence to support upper extremity limitations beyond

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 3

what Plaintiff could lift and carry. Tr. 43, 638. Dr. Barnes recommended that Plaintiff undergo a "detailed physical examination" because treating provider Dr. Balkany had never done a "full orthopedic evaluation." Tr. 646-47.

One month later, Plaintiff underwent a comprehensive examination with physiatrist and sports management specialist Dr. Snitily, "an expert in the diagnosis and treatment of musculoskeletal and spine injuries."[3] See Tr. 492-503. Plaintiff told Dr. Snitily that he was "limited in his ability to work related to back and bilateral lower extremity pain." Tr. 492. On examination, Plaintiff was able to bend and squat; move from a sitting to standing position by leaning heavily on furniture; and take off his shoes. Tr. 42, 494-95. Plaintiff was positive for back pain and had some weakness and sensory changes in his left leg, but he had normal reflexes and range of motion in his neck, shoulders, wrists, hips, knees, and ankles. Tr. 42, 495-46.

Dr. Snitily concluded that Plaintiff could stand and walk for 30 minutes at a time up to two hours and sit for three hours at a time for up to seven hours. Tr. 40, 499. Plaintiff needed to use a cane to walk more than 50 feet. Tr. 40, 499. Plaintiff could lift up to 20 pounds occasionally and 10 pounds frequently, and carry up to 20 pounds occasionally. Tr. 40, 498. He could frequently reach, including overhead, and occasionally push/pull with his arms. Tr. 40, 500. He could occasionally operate a foot control with his right foot and frequently with his left foot. Tr. 40, 500. Plaintiff could occasionally work from heights, but he should never climb, balance, stoop, kneel, crouch, or crawl. Tr. 40, 501-02. He could have frequent exposure to moving mechanical parts and frequently operate a motor vehicle. Tr. 40-41, 502. Plaintiff had no manipulative or other environmental restrictions. Tr. 40-41, 500-02. Dr. Snitily explained the basis for each limitation he assessed. Tr. 496-502.

---

[3] https://www.opaortho.com/snitily (last visited November 15, 2018).

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 4

The ALJ gave significant weight to Dr. Barnes's opinion and adopted Dr. Snitily's opinion in its entirety. Tr. 43. The ALJ specifically found that Dr. Barnes's testimony was consistent with the overall record and that Dr. Snitily's opinion was supported by his examination findings. *Id.* This was not error as an examining doctor's opinion based on his own examination is substantial evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). And, an ALJ may give more weight to a doctor's opinion that aligns with the overall record. *See* 20 C.F.R. § 416.927(c)(4).

The ALJ rejected the opinions of Dr. Balkany and Dr. Lee because the record contained few, if any, objective findings to substantiate their opinions that Plaintiff is unable to function at work on a fulltime basis. Tr. 44. The ALJ noted their opinions were not supported by objective findings showing a loss of functioning, were inconsistent with Dr. Snitily's "more detailed examination" of Plaintiff, and were inconsistent with the 2011 lumbar MRI that revealed only mild to moderate degenerative changes and foraminal narrowing and with the 2016 lumbar spine x-ray that showed only early degenerative disc disease. Tr. 44, 326, 504. This was not error. A doctor's opinion may be rejected if it is unreasonable in light of other evidence in the record, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999), or lacks objective findings to support an opinion, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). ("The incongruity between Dr. Nachenberg's Questionnaire responses and her medical records provides an additional specific and legitimate reason for rejecting Dr. Nachenberg's opinion of Tommasetti's limitations.").

On the other hand, Dr. Snitily's opinion was based on a detailed physical examination of Plaintiff. Tr. 44. Dr. Snitily tested and provided detailed findings regarding Plaintiff's physical capacity, which is something Drs. Balkany and Lee did not do. Tr. 494-96. And, the opinions of

Drs. Snitily and Barnes, who specialized in evaluating Plaintiff's condition, dramatically differed from those of Drs. Balkany and Lee. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("Wheelwright's opinion was inconsistent with that of Dr. Yost, who specialized in the relevant field of psychiatry, and whose opinion was therefore entitled to greater weight."). In fact, Dr. Snitily specifically reviewed Dr. Balkany's opinion and disagreed with it. Tr. 492. Dr. Balkany and Dr. Lee are both pain management specialists whereas, Dr. Barnes and Dr. Snitily are orthopedic specialists, who specialize in the actual condition Plaintiff claims is disabling. Tr. 43. Thus, it was not unreasonable for the ALJ to give greater weight to the "opinion of a specialist about medical issues related to his or her area of specialty" (*see* 20 C.F.R. § 416.927(c)(5)), particularly when the ALJ had noted the absence of objective findings to support the treating doctors opinions.

As noted by Defendant, not one of Plaintiff's examinations revealed deficits so significant as to preclude full-time sedentary work. Tr. 355-56, 359, 362, 365, 368, 371-72, 375, 378, 381, 383, 385, 388-89, 391, 393-94, 396, 399-400, 402, 417, 421, 425, 454-55, 460, 464, 524, 538, 551, 562-63, 577, 593, 595-96, 598, 601, 604, 607-08, 612. And, as noted by Dr. Barnes, neither Dr. Balkany nor Dr. Lee found "some significant weakness, or atrophy, that sort of thing" on examination to indicate that Plaintiff "couldn't do a thing," as they opined. Tr. 639. In addition, Dr. Lee did not conduct an examination during the visit in which she stated Plaintiff could not work full-time. Tr. 622-23.

Plaintiff argues that Drs. Balkany and Lee "considered factors beyond the objective evidence," such as his repeated reports of significant interference in activities of daily living, particularly his general activity, walking, and ability to work, from his impairments. Dkt. 15 at 5 (citing Tr. 356, 359, 362, 365, 368, 372, 375, 379, 381, 383, 386, 389, 391, 394, 400, 403, 417,

1  421, 425). He notes "[b]oth physicians were aware of Plaintiff's difficulty being upright for

2  extended periods, even if they did not regularly note it in their treatment notes." *Id.* (citing Tr.

3  434, 603.) However, these are self-reports, and the ALJ is solely responsible for determining the

4  credibility of a claimant's self-reported symptoms and limitations. *Edlund v. Massanari*, 253

5  F.3d 1152, 1156 (9th Cir. 2001).

The ALJ did not err in evaluating the medical opinion evidence.

**B.     The ALJ's Decision is Not Undermined by New Evidence**

Two months after the ALJ issued her adverse decision in December 2016, Plaintiff underwent a lumbar MRI in February 2017, which Plaintiff submitted to the Appeals Council. Tr. 2, 21-22. The Court will consider whether the ALJ's decision remains supported by substantial evidence in light of new evidence submitted to the Appeals Council "so long as the evidence relates to the period on or before the ALJ's decision." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). The Appeals Council denied Plaintiff's request for review, stating that the 2017 MRI did "not relate to the period at issue" and thus did "not affect" the ALJ's decision about whether Plaintiff was disabled on or before December 20, 2016. Tr. 2.

Plaintiff argues that the 2011 MRI, which showed only mild to moderate degenerative disc changes, was over four years before the first hearing. But the 2017 MRI, according to Plaintiff, specifically indicates changes not previously found, such as: "bilateral L5 root entrapment and left L4 foraminal root compression" and "degenerative Lumbar retolisthesis." Tr. 319 (citing Exh. B12F). Plaintiff argues that these changes would have been present in some degree in 2016 and were supportive of the opinions of Drs. Balkany and Lee that Plaintiff would not be able to engage in work activity on a sustained basis. Dkt. 15 at 7. There is, however, no medical evidence to support Plaintiff's interpretation of the 2017 MRI results or to link the 2017

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 7

MRI results to any medical opinion.

The Court finds that this evidence is both relevant and related to the period before the ALJ because, as acknowledged by the Defendant, degenerative disc disease is a condition that develops over time. Dkt. 16 at 1. However, the question is whether there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir.2010). Defendant argues that it would not because the results of the 2017 MRI do not significantly differ from those of the 2011 MRI; the recent 2016 x-ray of Plaintiff's lumbar spine showed only "early" degenerative disc disease and was "[o]therwise negative" (Tr. 504); and most importantly, the 2017 MRI fails to show any decrease in Plaintiff's physical functional capacity from that shown during the examination performed by Dr. Snitily in March 2016. Tr. 492-503. As correctly noted by Defendant, the overall impression of both the 2011 and the 2017 MRI, is that of multilevel degenerative disc disease – a disease the ALJ found to be a severe impairment and which the ALJ accounted for by limiting Plaintiff to a reduced range of light work. Tr. 21-22, 39-41, 46.

The Court finds that substantial evidence supports the ALJ's decision, even considering the new evidence Plaintiff procured and submitted after the ALJ issued her non-disability determination. Therefore, the 2017 MRI does not undermine her determination of non-disability.

**C.     The ALJ Did Not Err in Evaluating Plaintiff's Allegations**

In evaluating the effect of pain and other symptoms on Plaintiff's RFC, the ALJ must determine if the Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms. *See* 20 C.F.R. § 404.1529. If so, the ALJ must next evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the Plaintiff's capacity for work. *See id*. If there is no evidence of

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 8

malingering, the ALJ may reject Plaintiff's testimony about the severity of his symptoms only by making specific findings stating clear and convincing reasons supported by substantial evidence for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ reviewed Plaintiff's allegations of disabling limitations and provided several legally acceptable reasons for concluding that the evidence was not consistent with Plaintiff's allegations, *i.e.,* the objective medical evidence was inconsistent with Plaintiff's allegations of disabling limitations; Plaintiff's activities were inconsistent with disability; and Plaintiff had a poor work history. Tr. 41-43, 44. Even if the Court had found merit in Plaintiff's challenge to some of the ALJ's reasons, the unchallenged reason would render any error harmless. An error in the credibility analysis does not warrant remand if "the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

An ALJ may consider the lack of supporting objective evidence when evaluating an individual's complaints, as long as it is not the only factor considered. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Plaintiff alleged weakness and muscle failure in his legs (Tr. 41, 69), but Dr. Snitily's examination showed Plaintiff had normal muscle tone and 4-5/5 strength in his legs (Tr. 495); Plaintiff also alleged that pain and numbness in his back and legs rendered him unable to sit for the length of any work shift (Tr. 41, 222), but his MRI and x-rays, showed only early mild to moderate degenerative disc disease (Tr. 42, 44, 326, 504). In addition, no physical examination supported Plaintiff's allegations of disabling pain (Tr. 355-56, 359, 362, 365, 368, 371-72, 375, 378, 381, 383, 385, 388-89, 391, 393-94, 396, 399-400, 402, 417, 421, 425, 454-55, 460, 464, 494-96, 524, 538, 551, 562-63, 577, 593, 595-96, 598,

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 9

601, 604, 607-08, 612) and the record showed that Plaintiff's pain was well controlled with medication and/or injections (Tr. 41-42; 354; 367; 370 (lower back pain was "controlled" and Plaintiff asked to "decrease the muscle relaxer"); 385, 387; 418 (Dr. Balkany encouraged exercise of 20 minutes per day). "Impairments that can be controlled effectively with medication are not disabling." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff does not dispute that this evidence was inconsistent with his complaints. Dkt. 15 at 7-9. Instead, he argues that the 2017 MRI submitted to the Appeals Council retroactively supports his allegations of disability during the period under review. Dkt. 15 at 7-9. Again, there is no significant difference between the 2011 and 2017 MRIs of Plaintiff's lumbar spine, both of which were consistent with the 2016 x-ray of his lumbar spine showing early degenerative disc disease. Tr. 21-22, 326, 504. Nor does the MRI contradict Dr. Snitily's 2016 functional assessment. Tr. 492-503.

The ALJ also found that Plaintiff's activities were inconsistent with the level of his alleged symptoms. For example, Plaintiff alleged that he could not sit for any length of a work shift, but he was able to sit through the entire length of a movie at the theater. Tr. 44, 222, 226. The ability to sit for about two hours is consistent with Plaintiff's RFC for a reduced range of light work and inconsistent with his alleged inability to do even sedentary work. Tr. 40-41. Plaintiff also alleged being bed-ridden most days. Tr. 44, 223. Yet he could tend to his chickens, prepare meals, do laundry, clean, mow the lawn with a rider, drive unaccompanied, shop in stores, tumble rocks, and go to the movie theater. Tr. 44, 223-26. This supports a finding that Plaintiff "is capable of basic work like tasks that do not involve significant time being on his feet," as contemplated by his RFC. Tr. 44. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir.

2014) ("Engaging in activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination.") Plaintiff argues that he did not engage in these activities for extended periods (Dkt. 15 at 10-11), but "[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Plaintiff fails to show how his activities are inconsistent with his RFC, which limits him to a sedentary level of sitting, standing, and walking. Tr. 40. Thus, the ALJ reasonably considered the inconsistencies between Plaintiff's allegations of disability and his activities.

The ALJ also noted that Plaintiff had a poor work history even prior to his alleged disability onset date, with earnings during only five of the past 22 years. Tr. 44, 196. *See*, *e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (Plaintiff's "'extremely poor work history'" and "'little propensity to work in [his] lifetime' negatively affected [his] credibility.") As Plaintiff did not challenge this reason, it is waived. Dkt. 15 at 7-11; *see Bray*, 554 F.3d at 126 n.7 (argument not made in party's opening brief deemed waived).

The ALJ did not err in her assessment of Plaintiff's testimony as her assessment was supported by specific, clear, and convincing reasons.

### D. The ALJ Did Not Err In Evaluating Lay Witness Testimony

Mr. L.'s mother, Elizabeth L., provided a third party function report that included statements regarding the claimant's activities of daily living and alleged functional limitations, which the ALJ found to be "generally consistent with the statements made by [Mr. L..]" As Ms. L. is a non-medical source witness, the ALJ considered Ms. L.'s statements as those of an "other source" pursuant to 20 CPR 404.1513(a) and (d), 20 CPR 416.913(a) and (d), and SSR 06-03p.).

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 11

The ALJ gave limited weight to Ms. L.'s statements because they were inconsistent with the objective medical evidence and medical opinions, but granted more weight to Ms. L.'s account of Plaintiff's activities of daily living due to the longitudinal nature of their relationship: "She noted that her son was able to take care of his five pet chickens, prepare meals, mow the yard, do laundry, and drive a car. Further, Ms. L. reported that [her son] was able to shop in stores and buy computer. His hobbies include playing on the computer and watching television on a daily basis (Ex. B6E)." Tr. 44.

Thus, the ALJ discounted Ms. L.'s statements where they were generally consistent with Plaintiff's allegations and where they were inconsistent with the objective medical evidence and opinions of specialists Drs. Barnes and Snitily. Tr. 44, 250-57. This was not error.

One germane reason is sufficient to discredit statements from a lay witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). When a lay witness's statements are similar to a claimant's complaints, the ALJ's reasons for rejecting a claimant's statements shall apply to the lay witness's statements. *Valentine*, 574 F.3d at 694. And, although lack of medical support for lay witness statements is not a reason to discredit them, *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017), inconsistency with medical evidence is sufficient, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). As noted above, the ALJ gave great weight to the opinions of Drs. Barnes and Snitily, which were based on their physical examinations of Plaintiff. In addition, an ALJ may reject a lay witness's statement that is contradicted by "more reliable medical evidence that the ALJ credited." *Molina*, 674 F.3d at 1118-19.

Plaintiff offers no basis on which to conclude that the ALJ's evaluation of Ms. L.'s statements would alter the non-disability determination. Dkt. 15 at 11-12. The ALJ did not err in

evaluating Ms. L.'s testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of November, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge